IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NYEISHA S. GHEE,

     Plaintiff,

v.                           Civil Action No.: 3:25-cv-17

                                   Circuit Court for the
                                   City of Petersburg, Virginia
                                   Case No. CL24000953-00

PINETREE APARTMENTS, LLC,

     Defendant.

## **NOTICE OF REMOVAL**

     PLEASE TAKE NOTICE that defendant Pinetree Apartments, LLC ("Defendant"), by counsel, respectfully files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove to the United States District Court for the Eastern District of Virginia an action initiated against it in the Circuit Court for the City of Petersburg. Removal of this action is based on the following:

     1.     On or about December 19, 2024, Plaintiff Nyeisha A. Ghee filed a civil action against Defendant in the Petersburg Circuit Court, Virginia, case number CL24000953-00 (hereinafter "State Court Action"). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders received by counsel for the Defendant in the State Court Action are attached to this Notice of Removal as **Exhibit A** and incorporated herein by reference.

     2.     The Complaint in the State Court Action asserts a personal injury claim against Defendant arising from an apartment fire on February 20, 2024. (Ex. A, Compl.).

     3.     Defendant was served with process on December 26, 2024. Thus, this Notice of Removal is timely filed because it is filed not more than thirty (30) days after Defendant received

**EXHIBIT B**

a copy of the Summons and Complaint, through service or otherwise. 28 U.S.C. § 1446(b).

4.     The Eastern District of Virginia, Richmond Division, is the federal district embracing Petersburg, Virginia, where the State Court Action was originally filed. 28 U.S.C. § 127(a). Thus, Defendant's Notice of Removal is properly filed in this District and Division. 28 U.S.C. § 1441(a).

<u>BASIS FOR REMOVAL – DIVERSITY JURISDICTION</u>

5.     The State Court Action is removable under 28 U.S.C. § 1332(a). The Court has subject matter jurisdiction over the State Court Action because it is between citizens of different states and the amount in controversy exceeds $75,000.00 and arises under the laws of the United States. 28 U.S.C. §1332(a).

6.     A limited-liability company has the citizenship of each state where its members are citizens. <u>Gen. Tech. Applications, Inc. v. Exro Ltda,</u> 388 F.3d 114, 121 (4th Cir. 2004). For cases removed based on diversity jurisdiction, diversity is measured both when the state-court action is commenced, and when the state-court action is removed. <u>Rowland v. Patterson</u>, 882 F.2d 97, 99 (4th Cir. 1989) (en banc) (explaining that "diversity must have existed both at the time the action was originally commenced in state court and at the time of filing the petition for removal" (citing 14A Charles A. Wright et al., Federal Practice and Procedure § 3723, at 311–14 (1985)).

7.     In this matter, Defendant is now, and was at the time of filing of the Complaint, a limited liability company. Its sole member now, and at the time of filing the Complaint, is Clearfield/Pinetree Apartments LLC ("Clearfield"). Clearfield's members now, and at the time of filing the Complaint, are individuals, and they reside outside of the Commonwealth of Virginia. Thus, Defendant is not a citizen of Virginia for purposes of diversity jurisdiction.

1.     On information and belief, Plaintiff is now, and was at the time of the filing of the Complaint, a citizen of Virginia. <u>See</u> (Ex. A, Compl. ¶ 7).

9.     Plaintiff's Complaint requests judgment against Defendant in the amount of $30,000,00.00, plus $350,0000 in punitive damages. (Ex. A, Compl. prayer for relief). Thus, the amount in controversy requirement specified in 28 U.S.C. § 1332(a) is satisfied.

10.     If any question arises regarding the propriety of the removal of this action, Defendant respectfully request the opportunity to conduct jurisdictional discovery (if necessary), file a brief, and present oral argument to confirm that this Court has jurisdiction and that this case has been properly removed.

<u>NOTICE</u>

11.     In accordance with 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to all other parties, and a true and correct copy of the Notice of Removal is being filed with the Circuit Court for Petersburg, Virginia.

<u>CONSENT</u>

12.     There are no codefendants requiring consent. Defendant in the state court action is represented by the undersigned counsel.

WHEREFORE, defendant Pinetree Apartments, LLC, by counsel, respectfully prays that the State Court Action be removed from the Circuit Court for Petersburg, Virginia, to the United States District Court for the Eastern District of Virginia, in accordance with 28 U.S.C. § 1441, and for such further legal, equitable, or other relief that the Court deems just and proper.

This 13th Day of January, 2025.

I-2874929.1

Respectfully submitted,

**PINETREE APARTMENTS, LLC**


By:     */s/ Joseph P. Moriarty*
      Joseph P. Moriarty (VSB No. 68465)
      Kevin M. Kennedy (VSB No. 75071)
      Bryn L. Clegg (VSB No. 96923)
      WILLCOX & SAVAGE, P.C.
      440 Monticello Avenue, Suite 2200
      Norfolk, Virginia 23510-2243
      Telephone: (757) 628-5500
      Facsimile: (757) 628-5566
      jmoriarty@wilsav.com
      kkennedy@wilsav.com
      bclegg@wilsav.com
      *Counsel for Defendant*

I-2874929.1

## **CERTIFICATION**

I hereby certify that on this 13th day of January, 2025, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Charles H Cuthbert, Jr., Esquire
Richard M. Cuthbert, Esquire
Cuthbert Law Offices, P.C.
220 North Sycamore Street
Petersburg, VA 23803-3228
Telephone:  804-733-3100
Facsimile:  804-732-4658
ccuthbert@cuthbertlaw.com
rcuthbert@cuthbertlaw.com
*Counsel for Plaintiff*


*/s/ Joseph P. Moriarty*
Joseph P. Moriarty (VSB No. 68465)
Kevin M. Kennedy (VSB No. 75701)
Bryn L. Clegg (VSB No. 96923)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
Telephone: (757) 628-5500
Facsimile:  (757) 628-5566
jmoriarty@wilsav.com
kkennedy@wilsav.com
bclegg@wilsav.com
*Counsel for Defendant*

I-2874929.1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NYEISHA S. GHEE

**DEFENDANTS**

PINETREE APARTMENTS LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   NEVADA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Charles H. Cuthbert, Jr., Esq., Cuthbert Law Offices, 220 N Sycamore St., Petersburg, VA 23803; 804-733-3100

Attorneys *(If Known)*

Joseph P. Moriarty, Esq., Willcox & Savage, 440 Monticello Ave., #2200, Norfolk, VA 23510; 757-628-5500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability  ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability  ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine     Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product     Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability  ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal     Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury  ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -     Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment  **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other  ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education  ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, and 1446

Brief description of cause:
Personal injury claim against Defendant arising from an apartment fire on February 20, 2024.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
30,350,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| January 13, 2025 | /s/ Joseph P. Moriarty |

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# COMMONWEALTH OF VIRGINIA



**Please Return**

PETERSBURG CIRCUIT COURT
Civil Division
7 COURTHOUSE AVE
PETERSBURG VA 23803-4589
(804) 733-2367

Proof of Service

Virginia:
  In the PETERSBURG CIRCUIT COURT

Case number: 730CL24000953-00
Service number: 001
Service filed: December 19, 2024
Judge:

Served by: SPECIAL PROCESS SERVER
Style of case: NYESHIA S GHEE  vs PINETREE APARTMENTS, LLC
Service on: PINETREE APARTMENTS, LLC          Attorney:
          SERVE: CT CORPORATION SYSTEM
          4701 COX RD
          GLEN ALLEN VA 23060

  Instructions:

Returns shall be made hereon, showing service of Summons issued Thursday, December 19, 2024 with a copy of the
Complaint filed Thursday, December 19, 2024 attached.

Hearing date  :
Service issued: Thursday, December 19, 2024

For Sheriff Use Only

**EXHIBIT A**

## AFFIDAVIT OF SERVICE

**State of Virginia**     **County of Petersburg (City)**          **Circuit Court**

Case Number: CL24-953

Plaintiff: **NYEISHA S. GHEE**
vs.
Defendant: **PINETREE APARTMENTS, LLC**

For:
Charles Cuthbert
Cuthbert Law Office
220 N Sycamore Street
Petersburg, VA 23803

Received by Aonyx Solutions, LLC on the 24th day of December, 2024 at 1:33 pm to be served on
**PINETREE APARTMENTS, LLC  C/O CT CORPORATION SYSTEM, Registered agent, 4701 Cox Road,
Suite 285, Glen Allen, VA 23060**.

I, Victoria Nelson, being duly sworn, depose and say that on the **26th day of December, 2024** at **1:10 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **SUMMONS and COMPLAINT;
PLAINTIFF'S INTERROGATORIES 1-2; PLAINTIFF'S REQUEST FOR PRODUCTION OF TANGIBLE
THINGS; EXHIBITS 1-14** with the date and hour of service endorsed thereon by me, to: **Ms. Lauren
Phillips** as **Authorized Agent** at the address of: **4701 Cox Road, Suite 285, Glen Allen, VA 23060**, who
stated they are authorized to accept service for **PINETREE APARTMENTS, LLC  C/O CT
CORPORATION SYSTEM, Registered agent**, and informed said person of the contents therein, in
compliance with state statutes.

**Additional Information pertaining to this Service:**
12/26/2024  1:10 pm  4701 Cox Road, Suite 285, Glen Allen, VA 23060 Service accepted by Lauren
Phillips- Authorized agent.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good
standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 26th day
of December, 2024 by the affiant who is personally
known to me.

NOTARY PUBLIC

**Victoria Nelson**
Process Server

**Date**  12/26/2024

**Aonyx Solutions, LLC**
**P.O. BOX 1613**
**Petersburg, VA 23805**
**(804) 571-0260**

Our Job Serial Number: WLM-2024000657
Ref: 4528

WAYNE LEO MORGAN
COMMONWEALTH
REGISTRATION NO.
7581847
MY COMM. EXPIRES
2026
OF VIRGINIA
NOTARY PUBLIC

# Service Authorization
## CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CTs capacity as registered agent.

**PLEASE NOTE:** The Code of Virginia §§ 13.1-634 provides in part:
"Registered office and registered agent.
A....
B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

*As such, neither CT Corporation System., nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.*

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

        Lauren Phillips     Charmane Cunningham     Jessica Fitzgerald     Alexus Mills

This authorization does not certify the receipt or acceptance of any specific process

Lauren Phillips
Fulfillment Associate
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Lauren Phillips, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this __11th__ day of Oct, 2024.

> QUINTINA L. BARTOLOMEI
> NOTARY PUBLIC
> REG. #360582
> COMMONWEALTH OF VIRGINIA
> MY COMMISSION EXPIRES 07/31/2026

Notary Public

# COMMONWEALTH OF VIRGINIA



**Please Return**

PETERSBURG CIRCUIT COURT
Civil Division
7 COURTHOUSE AVE
PETERSBURG VA 23803-4589
(804) 733-2367

Virginia:                                    Proof of Service
In the PETERSBURG CIRCUIT COURT

Case number: 730CL24000953-00
Service number: 001
Service filed: December 19, 2024
Judge:

Served by: SPECIAL PROCESS SERVER
Style of case: NYESHIA S GHEE  vs PINETREE APARTMENTS, LLC
Service on: PINETREE APARTMENTS, LLC          Attorney:
            SERVE: CT CORPORATION SYSTEM
            4701 COX RD
            GLEN ALLEN VA 23060

Instructions:

Returns shall be made hereon, showing service of Summons issued Thursday, December 19, 2024 with a copy of the Complaint filed Thursday, December 19, 2024 attached.

Hearing date   :
Service issued: Thursday, December 19, 2024

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA



**Please Serve**

PETERSBURG CIRCUIT COURT
Civil Division
7 COURTHOUSE AVE
PETERSBURG VA 23803-4589
(804) 733-2367

Summons

To: PINETREE APARTMENTS, LLC
SERVE: CT CORPORATION SYSTEM
4701 COX RD
GLEN ALLEN VA 23060

Case No. 730CL24000953-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, December 19, 2024

Clerk of Court: MAYTEE E PARHAM

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:

December 19, 2024

VIRGINIA:

## IN THE CIRCUIT COURT OF THE CITY OF PETERSBURG

NYEISHA S. GHEE,

          Plaintiff,

v.

                                     Case No.:   CL 24-953

PINETREE APARTMENTS LLC,
trading as Pinetree Apartments,
a Virginia corporation,

          Defendant.

Serve:

Pinetree Apartments LLC
c/o CT Corporation System, Registered Agent
4701 Cox Road, Suite 285
Glen Allen, VA 23060

## COMPLAINT

    The plaintiff Nyeisha S. Ghee, by counsel, states:

### Venue

1. This Complaint arises from a fire (the "Fire") on February 20, 2024, at about 3 a.m.

2. The Fire took place in Apartment G8 of an apartment complex known as Pinetree

    Apartments, located at 3100 Pinetree Drive, within the City of Petersburg, Virginia.

### The Parties

3. The plaintiff is Nyeisha S. Ghee ("Ghee").

4. At all relevant times, the defendant Pinetree Apartments, LLC, owned Pinetree Apartments.

5. At all relevant times, Pinetree was a Virginia limited liability corporation.

6. As of June 1, 2022, South Oxford Management, LLC had a contract with Pinetree to supply property maintenance services to Pinetree Apartments.

## The Lease

7. Effective June 1, 2022, Pinetree leased Apartment G8 to Nyeisha S. Ghee ("Ghee") for use as a private residence by her and her three children, Elijah, Joshua, and Mark.

8. Attached as Exhibit 1 is an authentic copy of the lease by which Pinetree leased Apartment G8 to Ghee (the "Lease").

## Pinetree and the layout of Apartment G8

9. Pinetree was originally constructed in 1995.

10. Exhibit 2 fairly and accurately depicts the floor plan of Apartment G8 when Pinetree was originally constructed.

11. Exhibit 2 fairly and accurately depicts the floor plan of Apartment G8 when it was first occupied.

12. Exhibit 2 fairly and accurately depicts the floor plan of Apartment G8 when the Fire took place.

13. Apartment G8 was on the first floor of Pinetree's Apartment Building G and contained two bedrooms, each at the back of the apartment—a master bedroom (the "Master Bedroom," referred to in the Exhibit 2 floor plan as "Bedroom #1") and a second bedroom (the "Second Bedroom," referred to in the Exhibit 2 floor plan as "Bedroom #2").

14. The Master Bedroom of Apartment G8 contained a sliding glass door (the "Sliding Glass Door') that opened onto a concrete pad outside Apartment G8.

15. At all relevant times, in the Master Bedroom there was no door leading directly to the outside of Apartment G8 other than the Sliding Glass Door.

2

16. At all relevant times, in the Master Bedroom there was no window other than the stationary glass panel that was part of the Sliding Glass Door assembly.

## Work orders

17. Attached as Exhibit 3 is an authentic copy of a work order list (the "Work Order List") for all maintenance work done by or on behalf of the defendant in Apartment G8, beginning with the work order issued May 24, 2022, and continuing until the Fire took place.

18. The Work Order List does not indicate that any work was done after May 31, 2022, on the Sliding Glass Door or its supporting wooden door frame that held the Sliding Glass Door in place along its track.

19. After May 31, 2022, no work was done on the Sliding Glass Door or its supporting wooden door frame that held the Sliding Glass Door in place along its track.

20. Attached as Exhibit 4 is an authentic copy of work order 693154.

21. On May 24, 2022, an agent or employee of the defendant filled out a portion of work order 693154 to state, in the "problem description," "Fix both sliding doors. We need to ensure the locking mechanism works (MANDATORY)."

22. On May 31, 2022 (the day before Pinetree transferred possession of Apartment G8 to Ghee), an agent or employee of the defendant filled out a portion of work order 693154 to state "Work Completed."

## Health, safety, and welfare codes: 2021 Virginia Property Maintenance Code

23. At all relevant times, the 2021 Virginia Property Maintenance Code sections 103.2 and 103.2.3 applied to Apartment G8, materially affected health, safety, and welfare, were violated by the defendant, and stated:

**103.2 Maintenance requirements.** Buildings, structures and systems shall be maintained and kept in good repair in accordance with the requirements of this code and when applicable in accordance with the USBC under which such building or structure was constructed. No provision of this code shall require alterations to be made to an existing building or structure or to equipment unless conditions are present which meet the definition of an unsafe structure.

....

**103.2.3 Responsibility.** The owner of a structure shall provide and maintain all buildings, structures, systems, facilities and associated equipment in compliance with this code unless it is specifically expressed or implied that it is the responsibility of the tenant or occupant.

Note: Where an owner states that a tenant is responsible for performing any of the owner's duties under this code, the code official may request information needed to verify the owner's statement, as allowed by § 55-1-1209 A 5 of the Code of Virginia. A tenant's responsibility is limited and protected under the Virginia Residential Landlord and Tenant Act.

24. At all relevant times, the 2021 Virginia Property Maintenance Code sections 702.3 and 702.4

applied to Apartment G8, materially affected health, safety, and welfare, were violated by the

defendant, and stated:

> **702.3 Doors.** Means of egress doors shall be maintained and, to the extent required by the code in effect at the time of construction, shall be readily operable from the side from which egress is to be made without the need for keys, special knowledge, or effort.
>
> **702.4 Emergency escape and rescue openings.** Required emergency escape and rescue openings shall be maintained in accordance with the code in effect at the time of construction and to the extent required by the code in effect at the time of construction shall be operational from the inside of the room without the use of keys or tools. Bars, grilles, grates, or similar devices are permitted to be placed over emergency escape and rescue openings provided the minimum net clear opening size complies with the code that was in effect at the time of construction and such devices shall be releasable or removable from the inside without the use of a key, tool, or force greater than that which is required for normal operation of the escape and rescue opening.

25. Attached as Exhibit 5 is a copy of the 2021 Virginia Property Maintenance Code sections

103.2, 103.2.3, 702.3, and 702.4.

Health, safety, and welfare codes:1993 Virginia Uniform Statewide Building Code
and the1993 BOCA National Building Code (the BOCA Code)

26. At all relevant times, the 1993 Virginia Uniform Statewide Building Code applied to

Apartment G8, materially affected health, safety, and welfare, was violated by the

defendant, and stated:

> 101.1. Adoption of model codes and standards. The following model building
> codes and all portions of other model codes and standards that are referenced in
> this Code are hereby adopted and incorporated in the [Virginia] USBC. Where
> differences occur between provisions of the [Virginia] USBC and the referenced
> model codes or standards, the provisions of the [Virginia] USBC shall apply.
> Where differences occur between the technical provisions of the model codes and
> their referenced standards, the provisions of the model code shall apply.
>
> . . . .
>
> THE BOCA NATIONAL BUILDING CODE/1993 EDITION (also referred to
> herein as BOCA Code)
>
> . . . .
>
> SECTION 112.0. VIOLATIONS.
>
> 112.1. Code violations prohibited. No person, firm or
> corporation shall construct, alter, extend, repair, remove, demolish or use any
> building or equipment regulated by the [Virginia] USBC, or cause same to be
> done, in conflict with or in violation of any of the provisions of the [Virginia]
> USBC.

27. In turn, at all relevant times *Virginia Code* section 36-106 stated:

> A. It shall be unlawful for any owner or any other person, firm or corporation, on
> or after the effective date of any Code provisions[1], to violate any such
> provisions. Any such violation shall be deemed a misdemeanor and any owner
> or any other person, firm or corporation convicted of such a violation shall be
> punished by a fine of not more than $2,500.

---

[1] *Virginia Code* section 36-97 defines "Code provisions" as "the provisions of the Uniform
Statewide Building Code as adopted and promulgated by the Board ...."

5

28. Attached as Exhibit 6 is a copy of 1993 Virginia Uniform Statewide Building Code sections

101.1 and 112.1.

29. At all relevant times, the 1993 BOCA National Building Code section 1010.4 applied to

Apartment G8, materially affected health, safety, and welfare, was violated by the defendant, and

stated:

> **1010.4 Emergency escape**: Every sleeping room below the fourth story in
> occupancies in Use Groups R and I-1 shall have at least one operable
> window or exterior door approved for emergency egress or rescue. The
> units shall be operable from the inside without the use of special
> knowledge, separate tools or force greater than that which is required for
> normal operation of the window....

30. In turn, at all relevant times the 1993 BOCA National Building Code section 310.5 defined

"Use Groups R-3 structures" as follows:

> **310.5 Use Group R-3 structures:** This use group shall include all
> buildings arranged for occupancy as *one-* or *two-family dwelling units*,
> including not more than five lodgers or boarders per family *and multiple
> single family dwellings* where each unit has an independent *means of
> egress* and is separated by a 2-hour *fire separation assembly* (see Section
> 709.0).

31. At all relevant times, Pinetree's Apartment Building G was a Use Group R-3 structure.

32. Because Pinetree's Apartment Building G was at all relevant times a Use Group R-3 structure,

at all relevant times the defendant Pinetree was required to comply with 1993 BOCA National

Building Code section 1010.4 Emergency escape, above.

33. Attached as Exhibit 7 is a copy of 1993 BOCA National Building Code sections 310.5 and

1010.4.

<u>Health, safety, and welfare codes: 2021 Virginia Statewide Fire Prevention Code</u>

6

34. At all relevant times, the 2021 Virginia Statewide Fire Prevention Code sections 1031.1 and

1032.7 applied to Apartment G8, materially affected health, safety, and welfare, were violated by

the defendant, and stated:

> **1031.1 General.** Emergency escape and rescue openings of a building, including
> those in Groups R-2, R-3, R-4, and R-5 occupancies, shall be maintained in
> accordance with the applicable building code.
> ....
>
> **1032.7 Emergency escape and rescue openings.** Required emergency escape and
> rescue openings shall be maintained in accordance with the code that was in effect at
> the time of construction and both of the following:
>
> 1. Required emergency escape and rescue openings shall be operational from the
> inside of the room without the use of keys or tools.
>
> 2. Bars, grilles, grates, or similar devices are allowed to be placed over emergency
> escape and rescue openings provided that the minimum net clear opening size
> complies with the code that was in effect at the time of construction, and such
> devices shall be releasable or removable from the inside without the use of a key,
> tool, or force greater than that which is required for normal operation of the
> emergency escape and rescue opening.

35. At all relevant times, 13 VAC5-52-100. Section 110 Unsafe conditions (B) applied to

Apartment G8, materially affected health, safety, and welfare, safety, was violated by the

defendant, and stated:

> B. 110.2 Maintenance.  The owner shall be responsible for the safe and proper
> maintenance of any structure, premises, or lot.  In all structures, the fire
> protection equipment, means of egress, alarms, devices, and safeguards shall be
> maintained in a safe and proper operating condition  as required by the SFPC
> [Statewide Fire Prevention Code] and applicable referenced standards.

36. At all relevant times, the Virginia Statewide Fire Prevention Code was in force in Petersburg,

Virginia, having been adopted in 1981 by Petersburg City Council and codified as Petersburg City

Code Section 54-61.

37. Attached as Exhibit 8 is a copy of the 2021 Virginia Statewide Fire Prevention Code sections 1031.1 and 1032.7, 13 VAC5-52-100. Section 110 Unsafe conditions (B), and Petersburg City Code section 54-61.

The Sliding Glass Door

38. Outside the Sliding Glass Door the land was damp and sloped toward a boggy or swampy wooded area.

39. In May of 2022, when an agent or employee of the defendant worked on the Sliding Glass Door, the Sliding Glass Door did not move easily along its track, if at all, thereby putting the agent or employee on notice that there was something interfering with the movement of the Sliding Glass Door and yet the agent or employee failed to correct the problem.

40. In May of 2022, when an agent or employee of the defendant worked on the Sliding Glass Door, the wooden framing around the Sliding Glass Door was deteriorated and deteriorating due to ongoing termite damage and wood rot caused by water entering Apartment G8 at the exterior wall behind the Sliding Glass Door, thereby causing the Sliding Glass Door not to move easily along its track, if at all, and an agent or employee of the defendant knew or should have known this.

41. The water entering Apartment G8 at the exterior wall behind the Sliding Glass Door may have come from a leak entering Apartment G8 from Apartment G7 (the apartment above Apartment G8).

42. Attached as Exhibit 9 (being photograph 601), is a photograph that fairly and accurately depicts the deteriorated wooden framing around the Sliding Glass Door in the spring of 2024, after the Fire.

43. The putty knife depicted in Exhibit 9 was inserted on behalf of the plaintiffs to illustrate the nature and extent of the deterioration of the wooden framing around the Sliding Glass Door after the Fire.

8

44. On June 1, 2022, when the defendant transferred possession of Apartment G8 to Ghee, due to the ongoing deterioration of the wooden framing around the Sliding Glass Door, the Sliding Glass Door did not move easily along its track, if at all, and the defendant knew or should have known this.

45. During the Fire, when Ghee tried to open the Sliding Glass Door, the wooden framing around the Sliding Glass Door had deteriorated to the point that Ghee was unable to make the Sliding Glass Door move at all.

46. For fear that snakes might enter Apartment G8 from the boggy or swampy wooded area behind Apartment G8, before the Fire took place Ghee was reluctant to open the Sliding Glass Door.

47. Attached as Exhibit 10 (being photograph 205) is a photograph that fairly and accurately depicts a portion of the Sliding Glass Door remaining after the Fire.

48. On or about June 1, 2022, Ghee was given a "walk through" tour of Apartment G8 by an agent or employee of the defendant.

49. During the "walk through" tour of Apartment G8, nothing was said to Ghee about the Sliding Glass Door, termites, wood rot, or the deteriorated and deteriorating Sliding Glass Door's wooden framing that held the Sliding Glass Door in place along its track.

50. By the time the Fire took place, due to the ongoing deterioration of the wooden framing around the Sliding Glass Door that held the Sliding Glass Door's track in place, Ghee could not open the Sliding Glass Door from inside the Master Bedroom.

51. When the Fire took place, the Sliding Glass Door, the Master Bedroom, and Apartment G8 violated various health, safety, and welfare codes, including but not limited to the various codes cited above, and the defendant knew or should have known this.

52. When the Fire took place, because the Sliding Glass Door could not be opened from inside the Master Bedroom, the defendant violated the 2021 Virginia Statewide Fire Prevention Code sections 1031.1 and 1032.7.

53. When the Fire took place, the Master Bedroom did not have any operable window or exterior door approved for emergency egress or rescue.

54. When the Fire took place, the defendant knew or should have known that the Sliding Glass Door could not be opened from inside the Master Bedroom.

55. When the Fire took place, the defendant knew or should have known that the Master Bedroom did not have any operable window or exterior door approved for emergency egress or rescue.

56. At all relevant times the termites, the water leak that allowed the termites to thrive, the source of the water leak, the entry point of the water leak, the deteriorated and deteriorating supporting wooden door frame that held the Sliding Glass Door in place along its track, and access to each of them were in the exterior rear wall of Apartment G7 or Apartment G8 and were in the control of the defendant.

57. At all relevant times, the defendant had the authority to exterminate the termites referred to above.

58. At all relevant times, the defendant had the authority to prevent the water leak referred to above.

10

59. At all relevant times, the defendant had the authority to make the Sliding Glass Door move smoothly along its track.

60. The termites, the water leak that allowed the termites to thrive, the source of the water leak, the deteriorated and deteriorating Sliding Glass Door's wooden framing that held the Sliding Glass Door in place along its track, and access to each of them were not known to or visible to Ghee before the Fire, and she was not aware of them before the Fire.

The Fire

61. When Ghee first learned of the Fire, she was asleep in her bed in the Master Bedroom.

62. As she slept, she was alerted to the Fire when she heard one of her sons yell "Fire."

63. Upon learning of the Fire, Ghee went into the living room to rescue her three boys.

64. When Ghee entered the living room, only Mark was there, the two older boys having escaped through Apartment G8's front door.

65. When Ghee entered the living room, flames were at Apartment G8's front door. As a result, Ghee decided the safest course of action was to take Mark in her arms and exit through the Sliding Glass Door.

66. Ghee then went into the Master Bedroom and put Mark on her bed so that she could use both hands to open the Sliding Glass Door.

67. Ghee struggled to open the Sliding Glass Door but could not make it move.

68. When Ghee turned to get Mark from her bed and exit Apartment G8 through the front door, Mark had disappeared in the smoke and, search and call for Mark as she might, she could not find him.

69. Thinking that perhaps Mark had been able to find his way through the smoke to the front door and safety, Ghee exited the front door of Apartment G8, hoping to find Mark outside.

70. But Mark was nowhere to be seen. As a result, desperate and frantic to rescue Mark, Ghee re-entered Apartment G8 and resumed her search for Mark.

71. In the process of searching for Mark within her burning apartment, Ghee suffered horrendous burns. The heat of the fire caused the skin of her face to melt, and the fingers of her right hand were burned to the point that they had to be amputated. See Exhibit 11 (photograph of Ghee and Mark before the Fire, being photograph 37), Exhibit 12 (photograph of Ghee's face after the Fire, being photograph 61), Exhibit 13 (photograph of Ghee's right hand after the Fire, being photograph 59).

72. Finally, the heat and smoke were too much for Ghee to tolerate, and emotionally distraught she exited through the front door of Apartment G8 without Mark.

73. Attached as Exhibit 14 (being photograph 5) is a photograph that fairly and accurately depicts the damage the Fire caused the exterior of the front of Apartment G8 and, above it, Apartment G7.

74. After the Fire was over and it was safe to enter Apartment G8, Mark's charred and lifeless body was found on the floor of Apartment G8's living room, toward the front of the living room.

12

## Concealment by the defendant

75. When the defendant transferred possession of Apartment G8 to Ghee on June 1, 2022, the defendant knew or should have known but failed to disclose to Ghee that the wooden framing around the Sliding Glass Door was deteriorated, that the deterioration was ongoing, that there was a water leak contributing to the deterioration, that due to the deteriorated wooden framing around the Sliding Glass Door it did not move easily along its track, if at all, and that Apartment G8 failed to comply with various health, safety, and welfare codes including the codes cited above.

## Relevant court decisions

76. *Isbell v. Commercial Investment Associates, Inc.,* 273 Va. 605, 611 (2007), states:

> Where the right of possession and enjoyment of the leased premises passes to the lessee, the cases are practically agreed that, ***in the absence of concealment*** or fraud by the landlord as to some defect in the premises, known to him and unknown to the tenant, the tenant takes the premises in whatever condition they may be in, thus assuming all risk of personal injury from defects therein.

(Emphasis added.) *Accord, Caudill v. Gibson Fuel Co.*, 185 Va. 233, 239-240 (1946), states:

> Where the right of possession and enjoyment of the leased premises passes to the lessee, the cases are practically agreed that, ***in the absence of concealment*** or fraud by the landlord as to some defect in the premises, known to him and unknown to the tenant, the tenant takes the premises in whatever condition they may be in, thus assuming all risk of personal injury from defects therein.

(Emphasis added.)

77. *Steward v. Holland Family Properties, LLC*, 284 Va. 282, 287 and 292 (2012) (an action in tort based on alleged exposure of a child to lead paint), states:

> When the standard of care is set by statute, an act which violates the statute is a per se violation of the standard of care. *Schlimmer v. Poverty Hunt Club,* 268 Va. 74, 78–79, 597 S.E.2d 43, 46 (2004). A cause of action based on such a statutory violation is designated a negligence per se cause of action and requires a showing that the tortfeasor had a duty of care to the plaintiff, the standard of care for that duty was set by statute, the tortfeasor engaged in acts that violated the standard of care set out in

13

the statute, the statute was enacted for public health and safety reasons, the plaintiff was a member of the class protected by the statute, the injury was of the sort intended to be covered by the statute, and the violation of the statute was a proximate cause of the injury. *McGuire v. Hodges,* 273 Va. 199, 206, 639 S.E.2d 284, 288 (2007).

....

Under the common law, ***in the absence*** of fraud or concealment, a landlord has no duty of care to maintain or repair leased premises when the right of possession and enjoyment of the premises has passed to the lessee. (Emphasis added.)

....

A landlord who makes repairs to leased property has a common law duty not to make those repairs in a negligent manner and is liable for injuries sustained as a result of negligent repair.

78. *MacCoy v. Colony House Builders, Inc.*, 239 Va. 64, 69 (1990), states:

We agree with the MacCoys that the violation of the Building Code, like the violation of any statute enacted to protect health, safety, and welfare, is negligence *per se.*

79. *Federico v. Lincoln Military Housing, LLC*, 2013 WL 54099100 *7 (2013), states:

As this Court has observed, the VRLTA is not a statute enacted for public safety, but rather for the purpose of simplifying, clarifying, and modernizing the law governing contractual agreements between residential landlords and tenants. *Sanders,* 2010 WL 3927804, at *6; *see also* Va.Code § 55–248.3. By contrast, ***the Building Code—of which the Maintenance Code is part and parcel—is a "statute enacted to protect health, safety, and welfare," and thus a violation of its provisions may form the basis of a negligence per se claim" (citing MacCoy v. Colony House Builders, Inc.)***

....

It is true that, under Virginia common law, "in the absence of fraud or concealment, a landlord has no duty of care to maintain or repair leased premises when the right of possession and enjoyment of the premises has passed to the lessee." *Steward,* 726 S.E.2d at 254. This includes plumbing fixtures located in the area within the exclusive possession and control of the tenant, notwithstanding any maintenance obligation the landlord might assume by contract. *See Hunter–Smith Co. v. Gibson,* 89 S.E. 886, 886–87 (Va.1916); *Dudley v. Lewis Shoe Co.,* 73 S.E. 433, 434–35 (Va.1912). ***But it does not include the exterior surfaces or plumbing fixtures that remain in the possession and control of the landlord.*** *See Adams Grain & Provision Co. v. Chesapeake & Ohio Ry. Co.,* 88 S.E. 171, 172 (Va.1916). The plaintiffs here have expressly limited their claim of negligent maintenance to areas

14

allegedly outside of their exclusive possession and control, and construing the factual allegations of the complaints in the light most favorable to the plaintiffs, the

plaintiffs have stated a viable claim of common law negligence with respect to the defendant' alleged failure to maintain those portions of the residences that remain allegedly outside the exclusive possession and control of the tenant-plaintiffs.

(Emphasis added.)

80. Gulf *Reston, Inc. v. Rogers*, 215 Va. 155, 157 (1974), states:

> A landlord owes the duty to his tenants to exercise ordinary care and diligence to maintain in a reasonably safe condition areas over which he has control.

81. *Youngblood v. Pasadena at Pembroke Lakes South, Ltd.*, 282 So.2d 1097, 1098 Fla. Dist. Ct.

App. (2004), states:

> The duty of the landlord is two-fold: (1) prior to possession by the tenant, the landlord has a duty to reasonably inspect the premises, and to make necessary repairs to transfer a reasonably safe dwelling unit, unless the tenant waives the defect; and (2) after possession by the tenant, the landlord has a continuing duty to exercise reasonable care in repairing dangerous defective conditions upon the tenant giving notice of their existence, unless waived by the tenant.

82. *RGR, LLC v. Settle*, 288 Va. 260, 275 (2014), states, "General negligence principles require

a person to exercise due care to avoid injuring others."

83. *Southern States Grain Mktg. Coop. v. Garber,* 205 Va. 757, 761 (1965) (quoting *Standard*

*Oil Co. v. Wakefield,* 102 Va. 824, 832 (1904)), states:

> "(W)henever one person is by circumstances placed in such a position
> with regard to another ... that if he did not use ordinary care and skill in his
> own conduct with regard to those circumstances, he would cause danger of
> injury to the person or the property of the other, a duty arises to use
> ordinary care and skill to avoid such injury."

15

84. *Palsgraf v. Long Island R.R. Co.*, 162 N.E. 99, 100 (1928), states:

> The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension.

85. *Holland v. Shively*, 243 Va. 308, 310-311 (1992), states:

> We have repeatedly stated the legal principles which govern this dispute. It has long been the law in Virginia that where a landlord enters leased premises, after delivering possession to the tenant, for the purpose of making repairs, he must use reasonable care in performing the work. In order for the tenant to recover for injuries caused by a defective condition resulting from the repairs, he must show that the repairs were made in a negligent manner.

....

> **_The jury was entitled to find that Mr. Shively was negligent because his actions of merely removing the rotten boards did not correct the defects in the steps which are an integral component of the porch._**

86. *Restatement of Torts (Second)* section 324A ("*RST* 324A") states:

> **§324** A. Liability to Third Person for Negligent Performance of Undertaking
>
> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Count 1

(Before transferring possession of Apartment G8 to Ghee, the duty owed Ghee by the defendant to exercise ordinary care to disclose and not conceal the deficient condition of the Sliding Glass Door, including but not limited to its deteriorated and deteriorating supporting wooden door frame that held the Sliding Glass Door in place along its track)

87. The plaintiff incorporates paragraphs 1-86 as if set forth in full in this Count.

16

88. Pursuant to *Isbell v. Commercial Investment Associates, Inc., supra, Caudill v. Gibson Fuel Co., supra, Steward v. Holland Family Properties, LLC*, *supra*, and other applicable law, at all relevant times the defendant owed Ghee the duty to exercise ordinary care not to conceal but instead to disclose the deficient condition of the Sliding Glass Door, including its deteriorated and deteriorating supporting wooden door frame that held the Sliding Glass Door in place along its track.

89. The defendant negligently breached the duty described above.

90. As a direct and proximate result of the negligence stated above, Ghee suffered injuries and losses.

91. The conduct of the defendant described above constitutes willful and wanton conduct and demonstrates a conscious disregard for the rights of others (including Ghee) and/or criminal indifference to civil obligations owed Ghee.

Count 2
(Before transferring possession of Apartment G8 to Ghee, the duty
owed Ghee by the defendant to exercise ordinary care to disclose and not conceal
that Apartment G8 violated various health, safety, and welfare codes)

92. The plaintiff incorporates paragraphs 1-86 as if set forth in full in this Count.

93. Pursuant to *Isbell v. Commercial Investment Associates, Inc., supra, Caudill v. Gibson Fuel Co. supra, Steward v. Holland Family Properties, LLC*, *supra*, and other applicable law, at all relevant times the defendant owed Ghee the duty to exercise ordinary care to disclose and not conceal that Apartment G8 violated various health, safety, and welfare codes, including but not limited to the 2021 Virginia Property Maintenance Code, *supra*, the 1993 Virginia Uniform Statewide Building Code, *supra*, the 2021 Virginia Statewide Fire Prevention Code, *supra*, 13

17

VAC5-52-100. Section 110 Unsafe conditions (B), *supra,* and Petersburg Code section 54-61, *supra.*

94. The defendant negligently breached the duty described above.

95. As a direct and proximate result of the negligence stated above, Ghee suffered injuries and losses.

96. The conduct of the defendant described above constitutes willful and wanton conduct and demonstrates a conscious disregard for the rights of others (including Ghee) and/or criminal indifference to civil obligations owed Ghee.

Count 3
(Both before and after transferring possession of Apartment G8 to Ghee on June 1, 2022,
the duty owed Ghee by the defendant to exercise ordinary care
to do what was necessary so that Apartment G8
complied with all applicable health, safety, and welfare codes)

97. The plaintiff incorporates paragraphs 1-86 as if set forth in full in this Count.

98. When the defendant transferred possession of Apartment G8 to Ghee, the defendant knew or should have known that the Sliding Glass Door did not operate smoothly, if at all, along its track, and that Apartment G8 and the Sliding Glass Door did not comply with all applicable health, safety, and welfare codes.

99. Pursuant to *MacCoy v. Colony House Builders, Inc., supra, Federico v. Lincoln Military Housing, LLC*, *supra*, *Steward v. Holland Family Properties, supra, Youngblood v. Pasadena at Pembroke Lakes South, Ltd., supra, RGR, LLC v. Settle, supra, Southern States Grain Mktg. Coop. v. Garber*, *supra*, *Palsgraf v. Long Island R.R. Co.*, *supra,* the 2021 Virginia Property Maintenance Code, *supra,* the 1993 Virginia Uniform Statewide Building Code, *supra,* the 2021

Virginia Statewide Fire Prevention Code, *supra*, 13 VAC5-52-100. Section 110 Unsafe conditions (B), *supra,* Petersburg Code section 54-61, *supra*, and other applicable law, before transferring possession of Apartment G8 to Ghee on June 1, 2022, the defendant owed Ghee the duty to exercise ordinary care to investigate why the Sliding Glass Door would not operate smoothly, if at all, along its track, to repair it accordingly (including its deteriorated and deteriorating supporting wooden door frame that held the Sliding Glass Door in place along its track), to do what was necessary to prevent the deterioration from reoccurring, and otherwise to do what ordinary care required so that Apartment G8 and the Sliding Glass Door, including its supporting wooden door frame that held the Sliding Glass Door in place along its track, complied with all applicable health, safety, and welfare codes, including but not limited to the property maintenance, building, and fire prevention codes cited above.

100. The defendant negligently breached the duties described above.

101. As a direct and proximate result of the negligence stated above, Ghee suffered injuries and losses.

102. The conduct of the defendant described above constitutes willful and wanton conduct and demonstrates a conscious disregard for the rights of others (including Ghee) and/or criminal indifference to civil obligations owed Ghee.

### Count 4
### (Negligence *per se*)

103. The plaintiff incorporates paragraphs 1-86 as if set forth in full in this Count.

104. At all relevant times various health, safety, and welfare codes, including but not limited to the property maintenance, building, and fire prevention codes cited above (together, the "Health,

19

Safety, and Welfare Codes") applied to Apartment G8, and were enacted for public safety.

105. Pursuant to *Steward v. Holland Family Properties, LLC*, 284 Va. 282 (2012) and other applicable law, at all relevant times, the defendant owed Ghee the duty to do what a reasonably prudent apartment owner and property maintenance company would have done under the circumstances to comply with the Health, Safety, and Welfare Codes.

106. The defendant negligently breached the duty described above.

107. Ghee belonged to the class of persons for whose benefit the Health, Safety, and Welfare Codes were enacted.

108. The injuries and losses suffered by Ghee were the type of harm that the Health, Safety, and Welfare Codes were designed to prevent.

109. The violation by the defendant of the Health, Safety, and Welfare Codes was a proximate cause of Ghee suffered injuries and losses.

110. The conduct of the defendant described above constitutes willful and wanton conduct and demonstrates a conscious disregard for the rights of others (including Ghee) and/or criminal indifference to civil obligations owed Ghee.

<u>Count 5</u>
<u>(The duty owed Ghee by the defendant,</u>
<u>both before and after transferring possession of Apartment G8 to Ghee,</u>
<u>to exercise ordinary care to repair</u>
<u>those portions of Apartment G7 and Apartment G8 over which the defendant had control)</u>

111. The plaintiff incorporates paragraphs 1-86 as if set forth in full in this Count.

112. Pursuant to *Gulf Reston, Inc. v. Rogers*, *supra, Federico v. Lincoln Military Housing,*

*LLC, supra*, and other applicable law, the termites, the water leak that allowed the termites to thrive, the source of the water leak, the entry point of the water leak, the deteriorated and deteriorating Sliding Glass Door's wooden framing that held the Sliding Glass Door in place along its track, and access to each of them being in the control of the defendant at all relevant times, the defendant owed Ghee the duty, both before and after transferring possession of Apartment G8 to Ghee, to exercise ordinary care to do what was necessary so that the Sliding Glass Door, including its supporting wooden door frame that held the Sliding Glass Door in place along its track, worked smoothly as intended and that deterioration caused by termites and water leaks would not recur.

113. The defendant negligently breached the duty described above.

114. As a direct and proximate result of the negligence described above, Ghee suffered injuries and losses.

115. The conduct of the defendant described above constitutes willful and wanton conduct and demonstrates a conscious disregard for the rights of others (including Ghee) and/or criminal indifference to civil obligations owed Ghee.

WHEREFORE the plaintiff Nyeisha S. Ghee demands judgment against the defendant Pinetree Apartments LLC in the amount of thirty million dollars ($30,000,000) compensatory damages, plus three hundred and fifty thousand dollars ($350,000) punitive damages, plus interest from February 20, 2024, and costs.

Trial by jury is demanded.

NYEISHA S. GHEE

By _____
    Counsel

Charles H. Cuthbert, Jr. (VSB # 14519)
Richard M. Cuthbert (VSB # 82025)
Cuthbert Law Offices
A Professional Corporation
220 North Sycamore Street
Petersburg, Virginia 23803-3228
(804) 733-3100
Fax #: (804) 732-4658
ccuthbert@cuthberlaw.com
rcuthbert@cuthbertlaw.com