IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NYEISHA S. GHEE,

    Plaintiff,

v.                                      Civil Action No.: 3:26-cv-158-RCY

PINETREE APARTMENTS, LLC,
CLEARFIELD/PINETREE APARTMENTS, LLC
BEACHWOLD PARTNERS, LP,
BEACHWOLD HOLDINGS, LLC,
BEACHWOLD RESIDENTIAL, LLC,
SOUTH OXFORD MANAGEMENT, LLC,
NADRA YOHANNES,
RICKY MCCONNELL,
ALVIN PEEBLES, and
PESTNOW OF CENTRAL VIRGINIA, LLC,

    Defendants.

**BEACHWOLD PARTNERS, LP, AND CLEARFIELD/PINETREE APARTMENTS, LLC'S 12(b)(6) MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Local Rule 7 and Rule 12(b)(6) of the Federal Rules for Civil Procedure, the defendant, Beachwold Partners, LP ("Beachwold Partners") and Clearfield/Pinetree Apartments, LLC ("Clearfield"), by counsel, hereby submits this Memorandum in Support of Their 12(b)(6) Motion to Dismiss Plaintiff's Complaint.

## I.    PRELIMINARY STATEMENT

Plaintiff has lumped into her Complaint a passive investment entity, Beachwold Partners, about which Plaintiff has alleged nothing other than Beachwold Partners' position in Pinetree Apartments, LLC's corporate structure. The Complaint does not plead facts showing that Beachwold Partners owned, operated, managed, maintained, inspected, repaired, or controlled the apartment complex, or that it undertook any responsibility pertaining to the Plaintiff whatsoever.

The Federal Rules require that Plaintiff alleges defendant-specific facts, not guilt by association. Nor does Plaintiff allege facts that would justify disregarding the limited partnership form, because veil-piercing is an extraordinary doctrine aimed at misuse of an entity to avoid personal liability, not a mechanism to impose liability on a passive investor. Because Plaintiff has not pleaded facts that plausibly establish any actionable negligence theory against Beachwold Partners, the Court should dismiss Beachwold Partners from this case under Rule 12(b)(6).

Because Clearfield is also just a holding company, with no identified employees and no identified actions in the Complaint, Clearfield should also be dismissed for the same reasons under Rule 12(b)(6).

Beachwold Partners also adopts all arguments raised in the co-defendants' Partial Motion to Dismiss Plaintiff'' Complaint, filed this day.

## II.   ALLEGATIONS IN PLAINTIFF'S COMPLAINT[1]

Plaintiff's Complaint arises from an apartment fire that occurred on February 20, 2024. By way of summary, Plaintiffs' Complaint alleges the following facts relevant to this Motion:

**A. Beachwold Partners.**

1.  Beachwold Partners is a New York limited partnership and a member of Clearfield/Pinetree Apartments, LLC, which is the member of Pinetree Apartments, LLC. *See* Compl. ¶¶ 13-15.

2.  Beachwold Partners is not named on the insurance policy that names Beachwold Residential or Beachwold Holdings. *See* Compl. ¶ 126(d).

3.  Gideon Friedman ("Mr. Friedman") is one of six members of Beachwold Partners.

---

[1] For the purposes of this Motion only, the Court and Defendant take Plaintiff's factual allegations and reasonable inferences as true. *See, e.g.*, *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

4. Mr. Friedman holds the role of Chief Executive Officer of Beachwold Residential. *See* Compl. ¶ 128(a).

5. Members of Beachwold Partners have last name of Friedman. *See* Compl. ¶ 125.

6. On all other factual allegations, Beachwold Partners is lumped in with the other alleged Beachwold Defendants. *See* Compl. ¶ 4 n.1.

**B. Clearfield.**

7. Clearfield was the sole member of Pinetree Apartments, LLC, and had 33 members. See Compl. ¶ 15.

8. Clearfield owned Pinetree Apartments, LLC. See Compl. ¶ 124.

9. Clearfield is not named on the insurance policy that names Beachwold Residential or Beachwold Holdings. See Compl. ¶ 126(d).

10. On all other factual allegations, Clearfield is lumped in with the other alleged Beachwold Defendants. See Compl. ¶ 4 n.1.

### III.    RULE 12 MOTION TO DISMISS STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) "challenges the legal sufficiency of a complaint[.]" *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis*, 588 F.3d at 193 (quoting *Iqbal*, 558 U.S. at 678). Rather, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, *i.e.*, the plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 556 U.S. at 557) (cleaned up). While the Court must presume all "factual

allegations in the complaint to be true and accord[] all reasonable inferences to the non-moving party," the Court is not bound to accept as true "conclusory allegations regarding the legal effect of the facts alleged." *Westmoreland v. Brown*, 883 F. Supp. 67, 70 (E.D. Va. 1995) (quoting *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995)).

## IV.     LEGAL ARGUMENT

### A. The Court Should Dismiss Beachwold Partners Because It Is a Passive Investment Entity that Is Not Alleged to Have Taken a Single Action.

This Court should dismiss Beachwold Partners outright because it is a passive investment entity that is not alleged to have taken a single action in the Complaint. Beachwold Partners took no role in managing the apartment complex, and there is not a single allegation in the Complaint showing otherwise. Each of the other named defendants has some role (albeit extremely extrapolated and indirect for some entities) regarding the alleged events:[2]

| | |
|---|---|
| Pinetree Apartments, LLC: | Owner of the apartment complex. |
| Clearfield/Pinetree Apartments, LLC: | Holding company for the apartment complex. |
| South Oxford Management, LLC: | Property Manager by written agreement for the apartment complex. |
| Beachwold Residential, LLC: | Asset Manager by written agreement for the apartment complex until May 2023. |
| Beachwold Holdings, LLC: | Asset Manager through the assigned contract for the apartment complex after May 2023. |

---

[2] The following chart is provided only for clarity regarding this Motion, and it does not constitute any admission of any kind pertaining to the other named defendants. These Defendants should also be dismissed from this action, as the Defendants have moved this Court in the Defendants' pending motion to dismiss, filed this same day.

4

Beachwold Partners had no role in the apartment complex other than that of passive investor. Naming Beachwold Partners as a defendant in this lawsuit is absurd and unsupportable, and very possibly sanctionable.

Various statutory schemes protect passive investors from personal liability under negligence law when they had no role in the underlying events. *See* Va. Code § 13.1-644; Va. Code § 13.1-1019. Limited partnerships specifically receive such protection under Va. Code § 50-73.24. Further, corporate veil piercing is only available when the alleged bad actor has used *the limited partnership itself* as way to avoid personal liability. *See, e.g.*, *C.F. Trust, Inc. v. First Flight Ltd. Partnership*, 266 Va. 3 (2003). Passive investors cannot be held liable when they did not commit any alleged wrongful act. *See id.* There are no plausible allegations in the Complaint that Beachwold Partners has taken a single action. The name "Beachwold Partners, LP" does not appear on a single document produced in the voluminous discovery – over 8,000 pages – that Pinetree has produced in Ms. Ghee's Pending Federal Action. The only place Beachwold Partners appears in this litigation is as a passive investor into the Clearfield/Pinetree Apartments, LLC, holding company.

Further, Plaintiff has not cited any basis for imposing liability on passive investors. Such would be contrary to basic negligence law, which requires not only a duty (which Plaintiff cannot show is owed by a passive investor) and a breach of that duty (which requires an action of some kind). *See Fox v. Curtis*, 236 Va. 69 (1988) ("There can be no actionable negligence unless there is a legal duty, a violation of the duty, and consequent damage."). This is basic tort law. An investor does not have existing common law duties, nor does an investor assume any duties by becoming an investor. As held in *Cawlo v. Rose Hill Reserve Homeowners Ass'n*, tort duties are not assumed by mere involvement by contract with another entity. 106 Va. Cir. 235, 242 (Fairfax 2020) (holding

I-3033435.1

that "[t]o establish a claim of negligence based upon assumption of a duty, the complaint must allege facts sufficient to show an agreement, promise, or express intent to undertake a duty *to the particularly identified plaintiffs*" (emphasis added)).

Plaintiff appears to have plucked Beachwold Partners off Pinetree's under-seal filed financial disclosure statement in Ms. Ghee's Pending Federal Action simply because Mr. Friedman is a member of Beachwold Partners as well as the CEO of Beachwold Holdings. *See* Compl. ¶¶ 114, 117(a); *see* No. 3:25-cv-17 (ECF No. 15) (under seal). Or maybe Plaintiff's motivation was simply that "Beachwold" appeared in the name of Beachwold Partners as well as in the name of other defendant entities. Either motivation is absurd and contrary to law. Rule 8 does not permit guilt-by-association pleadings, but *defendant-specific* allegations. A plaintiff must provide "a short and plan statement of the claim showing that the pleader is entitled to relief" from the defendant. As the Court mandated in *Ashcroft v. Iqbal*, "a plaintiff must plead that each … defendant, through the [defendant's] own individual actions, has violated" the law. 556 U.S. 662, 676 (2009). Plaintiffs' grouped allegations are simply not a permitted type of pleading under federal law. *See Dobson v. City of Annapolis*, No. 1:25-cv-03128, 2025 U.S. Dist. LEXIS 198926, *4 (D. Md. Oct. 8, 2025) (finding that a collective pleading "is insufficient where a plaintiff fails to allege 'sufficient facts to allow the court to infer liability as to each defendant,'" and a "**pleading cannot simply lump Defendants together in the complaint without sufficient detail**, or without alleging any facts specific to each entity" (quoting *Langford v. Joyner*, 62 F.4th 122, 126 (4th Cir. 2023); and then *Wormack v. Caesars Baltimore Mgmt. Co., LLC*, No. 1:22-cv-1108, 2022 U.S. Dist. LEXIS 122807 (D. Md. July 11, 2012) (cleaned up) (emphasis added)).

Even if Plaintiff believes she has some claim against Mr. Friedman as the CEO of Beachwold Holdings – and Plaintiff has not sued Mr. Friedman, nor would there be any grounds

6

under which to do so – that could not create a liability connection to a limited partnership of which Mr. Friedman is a member. A limited partnership is a creation of statute, and "limited partners are not presumed to have a voice in the conduct of the business." *Kumar v. Metropolitan Hosp., L.P.*, 30 Va. Cir. 226 (Richmond 1993). Further, Beachwold Partners did not actually conduct any business relative to the Pinetree Apartments other than investment. If Plaintiff's claim against the Beachwold Partners is allowed to move forward, the Court would be condoning the theory of imposing liability against any company in which an alleged wrongful actor was an investor. A hypothetical is thus helpful:

> Plaintiff sues Costco[3] for negligence based on the alleged wrongful action of its CEO, Ron Vachris. Ron Vachris has retirement investments through Vanguard that purchase Costco stock, as well as stock from other major realtors, such as Walmart and Target. Plaintiff sues Vanguard, Walmart, and Target because of Ron Valchris's investments.

As even the Plaintiff would have to concede, there would no basis for liability against the other entities in those scenarios, and there is no basis for liability in this scenario. Mr. Friedman could hypothetically have invested in dozens, or even hundreds, of other passive investment entities, but that does not provide Plaintiff grounds to sue those passive investment entities. Further, the name "Beachwold" does not have any legal weight; people cannot sue entities simply because they have similar names to other alleged wrongful actors. There is simply no basis for such a claim.

Plaintiff's claims against Beachwold Partners are not just underdeveloped, but fully misdirected. Indeed, Plaintiff's pleading against Beachwold Partners may well violate Rule 11, which imposes a duty on attorneys to ensure that any pleading or paper filed with the Court is warranted by existing law and supported by facts that have evidentiary support, or are likely to

---

[3] No disrespect is meant against these named corporations and individuals in this hypothetical, but real names are used to highlight the absurdity of Plaintiffs' arguments.

I-3033435.1

have evidentiary support, after a reasonable investigation.[4] *See Richmond Financial Holding Co. v. Richmond*, No. 89-00336-R, 1990 U.S. Dist. LEXIS 19616, *7 (E.D. Va. Aug. 14, 1990) (imposing sanctions against the plaintiffs and their attorneys when "[e]ven a cursory investigation of the facts and relevant law would have revealed to a reasonable attorney that plaintiffs' claims against the City lacked factual and legal support"). There were no grounds whatsoever for filing their Complaint against Beachwold Partners based on the voluminous discovery that has been conducted in Ms. Ghee's Pending Federal Action, when Plaintiff filed her Complaint. The Court should curtail the patent overreaching of Plaintiff's counsel and dismiss Beachwold Partners from this action.

**B.    The Court Should Dismiss Clearfield Because It Is a Holding Company That Is Not Alleged to Have Taken a Single Action, and Clearfield Has No Employees.**

Just as with Beachwold Partners, this Court should dismiss Clearfield outright because it is a holding company with no employees, and Clearfield never took any action alleged in the Complaint. Clearfield is not the owner of the complex (Pinetree Apartments, LLC was), and thus Clearfield similarly does not owe any common law duties to the Plaintiff. Without any tort duties, there cannot be any negligent breach. *See Fox*, 236 Va. 69. Further, Clearfield does not have any employees, so it cannot have been alleged to take a single action – there is simply no person whose actions could be imputed to Clearfield. Again, just like with Beachwold Partners, Plaintiff appears

---

[4] Plaintiff should not be handed the tools of discovery in the hope that something might turn up, particular in the face of such categorically deficient pleadings. *See* Fed. R. Civ. P. 26 (requiring discovery to be relevant and proportional); *Rich v. KIS Ca., Inc.*, 121 F.R.D. 254 (M.D.N.C. 1988) (noting that the court does not need to authorize even limited preliminary discovery into issues like personal jurisdiction when "should it conclude that such discovery will be a fishing expedition"); *N. Va. Real Estate, Inc.*, 79 Va. Cir. 667, 681 (Fairfax 2009) ("Litigants may not make baseless accusations in a pleading and hope to 'have support after discovery.'" (quoting citation omitted)).

to have sued Clearfield simply because it appears in the ownership structure for Pinetree Apartments, LLC. Such cannot be the basis for liability.

## V.     CONCLUSION

For the foregoing reasons, and any reasons stated at any hearing on this matter, the defendant, Beachwold Holdings, LP and Clearfield/Pinetree Apartments, LLC, by counsel, respectfully requests this Court dismiss Plaintiff's Complaint against it, and order such other and further relief as the Court may deem appropriate.

**BEACHWOLD HOLDINGS, LP, and CLEARFIELD/PINETREE APARTMENTS, LLC**

By:  */s/ Joseph P. Moriarty*
Joseph P. Moriarty (VSB No. 68465)
Kevin M. Kennedy (VSB No. 75071)
Bryn L. Clegg (VSB No. 96923)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
Telephone: (757) 628-5500
jmoriarty@wilsav.com
kkennedy@wilsav.com
bclegg@wilsav.com
*Counsel for Defendants Beachwold Partners, LP, and Clearfield/Pinetree Apartments, LLC*

**CERTIFICATION**

I hereby certify that on this 6th day of March, 2026, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Charles H Cuthbert, Jr. (VSB No. 14519)
Richard M. Cuthbert (VSB No. 82025)
Cuthbert Law Offices, P.C.
220 North Sycamore Street
Petersburg, VA 23803-3228
Telephone:  804-733-3100
ccuthbert@cuthbertlaw.com
rcuthbert@cuthbertlaw.com
*Counsel for Plaintiff*

Mark J. Krudys (VSB No. 30718)
Daniel Guinnane Zemel (VSB No. 95073)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA 23219
Telephone:  804-774-7950
mkrudys@krudys.com
dzemel@krudys.com
*Counsel for Plaintiff*

Alexander Francuzenko (VSB No. 36510)
Philip C. Krone (VSB No. 87723)
Dunn Craig Francuzenko
3251 Blenheim Blvd., Suite 404
Fairfax, VA 22030
Telephone: 703-856-7480
alex@dunncraig.com
pkrone@dunncraig.com
*Counsel for PestNow of Central Virginia, LLC*

*/s/ Joseph P. Moriarty*
Joseph P. Moriarty (VSB No. 68465)
Kevin M. Kennedy (VSB No. 75071)
Bryn L. Clegg (VSB No. 96923)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
Telephone: (757) 628-5500
jmoriarty@wilsav.com

I-3033435.1

        kkennedy@wilsav.com
        bclegg@wilsav.com
        *Counsel for Defendants Beachwold Partners, LP, and Clearfield/Pinetree Apartments, LLC*

I-3033435.1