**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| NYEISHA S. GHEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 3:26-cv-158 |
| | : | |
| PINETREE APPARTMENTS, LLC *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPLY TO PLAINTIFF'S OPPOSITION TO PESTNOW'S MOTION TO DISMISS**

COMES NOW the Defendant PestNow of Central Virginia, LLC ("Defendant" or "PestNow"), by and through counsel, and hereby replies to the Plaintiff, Plaintiff, Nyeisha S. Ghee's, opposition to its motion to dismiss stating as follows:

**ARGUMENT**

This reply brief is intended solely to respond to the Opposition's contentions that require further discussion for proper determination of the issues before the Court. This brief does not respond to issues that Defendant believes were adequately discussed in its brief, and Defendant intends no waiver of those issues by not expressly reiterating them herein. The Opposition argues that PestNow's source of duty argument is misplaced, and that PestNow may not actually be making said argument because the motion "frequently refers to 'its general duty of care to others.'" (ECF No. 16, p. 3). The motion to dismiss' discussion of the source of duty is to draw the distinction between the confusion that is born from the Complaint's allegations that seemingly equate the contractual duty to perform termite treatments and the alleged statutory standards of care that are labeled as "duties" with the common law duty to perform those treatments with ordinary care. (*See* Compl. ¶ 152) ("PestNow owed . . . numerous duties, including but limited to

the duty to apply the termiticides according to their termiticide label instructions, the duty otherwise properly to apply termiticides, and the duty to assign only personnel who were Certified Applicators to apply the termiticides"). The latter duty of ordinary care does not impose a duty to successfully eradicate termites, which would be the contractual duty. (Compl. ¶ 155).

The Opposition states that "[t]he Complaint in this case alleges that PestNow was hired to treat Building G for termites. As an occupant of Building G, Ms. Ghee was obviously within the "class of persons" that could be harmed if PestNow failed to use 'ordinary care.'" (ECF No. 16, pp. 4 – 5). The Complaint's negligence claim, however, is explicitly premised on the position that the termites were not successfully eradicated, alleging that that "termite damage proximately causing Mark's injuries." (Compl. ¶ 155); (*See also* Compl. ¶ 59) (alleging is that "[a]s a direct and proximate result of PestNow's disregard of label instructions and Virginia law, *termites continued to destroy the areas inside the wall surrounding the sliding glass door* in Ms. Ghee's Primary Bedroom, eventually resulting in her injuries and Mark's death") (emphasis added). The Complaint and Opposition blend the contractual duty with the common law duty without any distinction.

> In Virginia, negligence is based on the principle that
>
> whenever one person is by circumstances placed in such a position with regard to another . . . that if he did not use ordinary care and skill in his own conduct with regard to those circumstances, he would cause danger of injury to the person or the property of the other, a duty arises to use ordinary care and skill to avoid such injury.

*RGR, LLC v. Settle*, 288 Va. 260, 276 (2014) (citations omitted). This is not a case where a plaintiff is alleging that chemicals were improperly sprayed and caused some type of contact or consumption injury and the Complaint does not set forth allegations that PestNow engaged in some conduct that plausibly and proximately caused injury. The "danger of injury" alleged by the Complaint comes from the termite damage. In other words, the Opposition's characterization that

"PestNow would have certainly known of the risk that a failure of 'ordinary care' might cause and thus, failing use such care breached its duty" is actually claiming that PestNow should have known the risk of failing to remediate the terminate problem.  Remediating the termite problem is contractual in nature, and to that extent that the duty is premised on the continued termite problem, then the claim is premised on a contractual duty, and Plaintiff's negligence claims fail.

To the extent that Plaintiff attempts to claim PestNow did not use ordinary care when providing termite services thereby making the termite damage around the Plaintiff's door worse, the Complaint's allegations fail to do so.  (*See* Compl. ¶¶ 6, 42, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57).  The Opposition suggests that PestNow assumed a duty under § 324A from the Restatement (Second) of Torts and "should have recognized that its services were 'necessary for the protection of a third person' such as the residents on Building G." (ECF No. 16, p. 5).  Under the Restatement (Second) of Torts § 324A, there are three scenarios whereby liability can attach for the negligence performance of an undertaking: "(a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

In asserting assumption of duty, the Opposition relies on subsection (b), Pinetree's duty to it residents as landlord.  The Opposition cites *Gulf Reston, Inc. v. Rogers*, 215 Va. 155 (1974) which states that "[a] landlord owes the duty to his tenants to exercise ordinary care and diligence to maintain in a reasonably safe condition areas over which he has control" and the Opposition then suggests that because Pinetree had owed that duty then PestNow "should have recognized that its services 'were necessary for the protection of a third person.'" (ECF No. 16, p. 5).  The Opposition goes on to clarify that "Pinetree had a non-delegable duty to its tenants to maintain the

structural elements of its apartment complex in a safe condition and hired PestNow in the service of that duty." (ECF No. 16, p. 6).

This implicates the source of duty again. In *Gulf Reston, Inc*, the Virgina Supreme Court also states that "a landlord is not an insurer of his tenant's safety." *Gulf Reston, Inc.*, 215 Va. at 157. The Fourth Circuit has recently held that "[i]n Virginia, a landlord, with few exceptions . . . , does not have a common-law duty of care to maintain or repair a premises when the right of possession and enjoyment has passed to the lessee." *Metz v. McCarthy*, 167 F.4th 722, 727 (4th Cir. 2026) (citing *Luedtke v. Phillips*, 190 Va. 207, 212 (1949)). "This remains true even if a lease or a statute imposes on the landlord a covenant to maintain or repair the premises." *Id.* (citing *Steward ex rel. Steward v. Holland Fam. Props., LLC*, 284 Va. 282, 288 (2012)). "This is because, under Virginia law, a tenant 'takes the premises in whatever condition they may be in, thus assuming all risk of personal injury from defects therein.'" *Id.* (quoting *Tingler v. Graystone Homes, Inc.*, 298 Va. 63, 94 (2019); *see also Gulf Reston, Inc.*, 215 Va. at 159 (finding no special relationship between landlord and tenant).

Thus, any duty associated with keeping the apartment the in good repair or eradicating termites would be contractual in nature, and "[s]uch contractual duty has no bearing on the outcome of this case because a landlord cannot be liable in tort for injuries to a tenant that result from the breach of an agreement to repair." *Tingler*, 298 Va. at 95 (quoting *Paytan v. Rowland*, 208 Va. 24, 27, 155 S.E.2d 36 (1967)); *see also Sales v. Kecoughtan Hous. Co.*, 279 Va. 475, 479 (2010) ("a landlord does not have a common law duty to make repairs after delivering possession to the tenant"). Instead, liability attaches to a landlord for the condition of a leased premise if "the landlord makes repairs to the leasehold premises and, in the process of doing so, creates a dangerous condition by 'a *positive act of negligence* on its part.'" *Metz*, 167 F.4th at 728 (emphasis

original) (quoting *Tingler*, 834 S.E.2d at 263).  Further, "[i]n order to recover against the landlord for injuries arising from a defective condition *resulting from the repairs*" and "[t]he mere fact that a defect remained after the work was done is not alone sufficient."  *Sales*, 279 Va. at 480, 690 (emphasis added).  Accordingly, PestNow cannot assume a greater duty than that owed by Pinetree.

It remains that the Complaint is devoid of allegations that indicate any actions by PestNow in performing its services for Pinetree created the condition that caused Plaintiff's injuries.  The negligence claims are premised on the alleged termite damage, not some alleged conduct by PestNow.  PestNow did not owe a legal duty to Plaintiff to eliminate the termites or resolve any structural damage to her door.  *See Kellermann v. McDonough,* 278 Va. 478, 487 (2009) ("The issue whether a legal duty in tort exists is a pure question of law"); *see also Tuel v. Hertz Equip. Rental Corp.*, 508 F. App'x 212, 221 (4th Cir. 2013) (comparing the defendant's lack of specific knowledge that repairs were necessary to protect a class of third party with the defendant's specific knowledge in *Burns v. Gagnon*, 283 Va. 657, 672-73 (2012)).

To be clear the Complaint presents the statutes as duties, alleging "the duty to apply the termiticides according to their label, (2) "the duty to otherwise properly apply the termiticides," and (3) "the duty to assign only personnel who were Certified Applicators to apply the termiticides." (Compl. ¶ 159); *see also Parker v. Carilion Clinic*, 296 Va. 319, 346–47, 819 S.E.2d 809, 825 (2018) ("a negligence per se claim predicated on a statutory violation requires a showing that [i] the tortfeasor had a duty of care to the plaintiff, [ii] the standard of care for that duty was set by statute, [iii] the tortfeasor engaged in acts that violated the standard of care set out in the statute, [iv] the statute was enacted for public health and safety reasons, [v] the plaintiff was a member of the class protected by the statute, [vi] the injury was of the sort intended to be covered by the statute, and [vii] the violation of the statute was a proximate cause of the injury.")

(quotations and citations omitted) "The doctrine of negligence per se does *not* create a cause of action where one did not exist at common law. Thus, the doctrine does not create a duty of care. It merely sets a standard of care by which the defendant may be judged in the common-law action." *Id.* at 345 (citations omitted). Nonetheless, "the statutory violation must be a proximate cause of plaintiff's injury." *Kaltman v. All Am. Pest Control, Inc.*, 281 Va. 483 (2011) (citations omitted).

Ultimately, the Opposition fails to allege facts that plausibly connect the general duty of ordinary care owed when treating for termites and the alleged structural damage. In other words, the Complaint simply refers to duties that exist but that are inapplicable to the circumstances of the claims, which is the same as failing to allege a duty. None of the allegations plausibly connect the allegations of improper use of the termiticide with the structural damage which is the alleged cause of Plaintiff's injuries. *See Id*. at 498 (indicating that a plaintiff needs to be "injured as a result of an improper use of a pesticide" and the injury needs to be "the type against which the statute protects"). It is unclear how the alleged injury is the type of injury the relied upon statutes are the type of injury against which the statutes protect.[1] Thus, the Complaint fails to allege sufficient facts to set forth applicable legal duties and fails to allege sufficient to facts to connect a viable legal duty with the asserted statutory standards of care and the injuries.

Furthermore, the Supreme of Court of Virgina continues to adhere to principle that "there is no such thing as negligence in the abstract, or in general . . . . Negligence must be in relation to some person." *Dudley v. Offender Aid & Restoration of Richmond, Inc.*, 241 Va. 270, 278 (1991) (citations omitted). Here, none of the factual allegations support the contention that PestNow's actions had anything to do with the structural damage, that PestNow assumed a duty to protect

---

[1] In *Kaltman* the Virginia Supreme Court stated we "are of the opinion that the Act was enacted to protect the public *against the use of harmful chemicals*. 281 Va. at 498 (emphasis added). The Complaint is wholly devoid of allegations that bear any relevance to the harmfulness of termiticide; there is nothing alleging that termiticide caused any injuries.

third parties from structural damage, or that PestNow acted in negligent way towards Plaintiff or a class in which Plaintiff was a member.  (*See* Compl. ¶¶ 6, 42, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57).  As a result, the Complaint fails to state a negligence claim against PestNow and must be dismissed.

## **CONCLUSION**

Based on the foregoing as well as any additional argument presented, this Court should dismiss the Complaint against Defendant PestNow of Central Virginia, LLC.

Respectfully Submitted,

_____/s/_____
Alexander Francuzenko, VA Bar #36510
Philip C. Krone, VA Bar #87723
Dunn Craig & Francuzenko, PLLC
3251 Blenheim Blvd., Suite 404
Fairfax, VA 22030
T: (703) 865-7480
F: (703) 434-3510
alex@dunncraig.com
pkrone@dunncraig.com
*Counsel for Defendant PestNow*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March 2026, I filed the foregoing Reply to Plaintiff's Opposition to Motion to Dismiss with the Clerk of Court via CM/ECF which notifies all parties electronically:

Charles H Cuthbert, Jr. (VSB No. 14519)
Richard M. Cuthbert (VSB No. 82025)
Cuthbert Law Offices, P.C.
220 North Sycamore Street
Petersburg, VA 23803-3228
T: (804) 733-3100
ccuthbert@cuthbertlaw.com
rcuthbert@cuthbertlaw.com
*Counsel for Plaintiff*

Mark J. Krudys (VSB No. 30718)
Daniel Guinnane Zemel (VSB No. 95073)
The Krudys Law Firm, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, VA 23219
T: (804) 774-7950
mkrudys@krudys.com
dzemel@krudys.com
*Counsel for Plaintiff*

Joseph P. Moriarty (VSB No. 68465)
Kevin M. Kennedy (VSB No. 75071)
Bryn L. Clegg (VSB No. 96923)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
T: (757) 628-5500
jmoriarty@wilsav.com
kkennedy@wilsav.com
bclegg@wilsav.com
*Counsel for Pinetree Apartments, LLC,*
*Clearfield/Pinetree Apartments, LLC,*
*Beachwold Partners, LP, Beachwold*
*Holdings, LLC, South Oxford Management,*
*LLC, Nadra Yohannes, Ricky McConnell, and*
*Alvin Peebles*

_____/s/_____
Alexander Francuzenko, VA Bar #36510
Philip C. Krone, VA Bar #87723
Dunn Craig & Francuzenko, PLLC
3251 Blenheim Blvd., Suite 404
Fairfax, VA 22030
T: (703) 865-7480
F: (703) 434-3510
alex@dunncraig.com
pkrone@dunncraig.com
*Counsel for Defendant PestNow*